MARY E. LYONS, Tutrix, *v.* R. W. McRAE—T. C. DIAL, Third Opponent.

Where a third opposition has been notified to the Sheriff, only after property has been seized, sold and the proceeds distributed among the judgment creditors, the third opponent's privilege will not entitle him to be paid out of the proceeds of the sale thus judicially made.

APPEAL from the District Court of the Parish of Pointe Coupée, *Ratliff*, J. U. B. & E. *Phillips*, for third opponent. *T. J. & W. H. Cooley*, for *Provosty*, and *P. H. Ray*, for defendant and appellant.

MERRICK, C. J. *Thomas C. Dial* claims a privilege for overseer's wages, upon the proceeds of the sugar referred to in the case of the same parties, on the opposition of *Claycomb*.

This case differs from *Claycomb's* case in this, that the opposition in that case was filed before the sugar was sold, and the seizing creditors might have seized other property. In this case, the opponent, who had aided the insolvent in sending off a portion of the crop to pay other debts, waited until after the Sheriff's sale and the surrender, and had his opposition notified to the Sheriff, for the first time, after the Sheriff had settled with the attorneys of the seizing creditors for the proceeds of the sale subject to be refunded in case the claim of *Claycomb* should be sustained.

It is clear that *Dial* cannot avail himself of *Claycomb's* opposition, and the parties had the right to settle for the proceeds in the hands of the Sheriff in their own way. It was a matter between the seizing creditors, whether they would receive of the Sheriff drafts on his merchants, or other equivalents, for the proceeds of the sale, nor did it concern *Dial* whether the creditors had fully guaranteed the Sheriff against *Claycomb's* demand or not. He could not claim the benefit of that guaranty for the purpose of sustaining his opposition.

As this opponent has aided other privileged creditors to obtain the proceeds of a portion of the crop, we think, in view of his tardy opposition, he should be left to assert his privilege upon such remainder of the crop as may be in the hands of the syndic, and that he should not be permitted to avail himself of the diligence of others after a distribution of the proceeds among themselves.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed as to the seizing creditors, and th t the third opposition of *Thomas C. Dial* be dismissed as to them, as in case of a nonsuit, he paying the costs of both courts.

COLE, J., concurring. I concur in the conclusion of Mr. C. J. Merrick, on the ground that the money made by the sale of the property seized was paid over to the seizing creditors before the opposition of *Dial* was served upon the Sheriff.